Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-1284-17-C**

| | | |
|---|---|---|
| OLIMPO SALINAS, JR. | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY and MICHELLE | § | |
| TILLMAN | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND MOTION TO COMPEL MEDIATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Olimpo Salinas, Jr., hereinafter referred to as Plaintiff, complaining of United Property and Casualty Insurance Company ("UPC") and Michelle Tillman ("Tillman") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.   Plaintiff is an individual residing in Hidalgo County, Texas.



DATE 5/5/2017
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#18

1

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

3.      Defendant UPC is a foreign insurance company engaging in the business of insurance in the State of Texas.  This Defendant may be served with process by serving its Attorney for Service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Defendant Tillman is an individual residing in Florida and may be served with process at the following address: 800 2nd Ave., St. Peterburg, Florida 33701.

5.      The Clerk is requested to issue Citations.

### III.
### JURISDICTION

6.      Plaintiff stipulates that the damages in this matter are below $75,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this stipulation as required by TEX.R.CIV.P. 47.

7.      The court has jurisdiction over Defendant UPC because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

8.      The court has jurisdiction over Defendant Tillman because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.
### VENUE

9.      Venue is proper in Hidalgo County, Texas, because the insured property is situated in Bexar County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### FACTS

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

10.    Plaintiff owns a homeowner insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant UPC.  Plaintiff owns the insured property, which is specifically located at 2509 San Efrain, Mission, Texas 78572 (hereinafter referred to as "the Property").

11.    Defendant UPC sold the Policy insuring the Property to Plaintiff.

12.    On or about October 10, 2015, Plaintiff experienced a storm event which caused substantial damage to the Property and constituted a covered loss under the Policy issued by Defendant UPC.  Specifically, Plaintiff experienced a power surge at the Property that damaged the exterior, interior and Plaintiff's contents.  Plaintiff subsequently opened a claim and Defendant UPC assigned Defendant Tillman.

13.    Defendant Tillman made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.  Defendant Tillman misrepresented the extent of the damage to Plaintiff's Property, as well as the coverage available to Plaintiff.  Defendant Tillman misrepresented the coverage at issued because Defendant Tillman knew, or should have known, that the estimate relied on was insufficient to compensate Plaintiff for the covered losses to the Property.  As a result of Defendant Tillman's wrongful acts and omissions set forth above and further described herein, Plaintiff's claim was wrongfully denied.

14.    Defendant UPC failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy in effect during Plaintiff's loss.  Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff.  Defendant UPC's conduct constitutes a breach of the insurance contract between Defendant UPC and Plaintiff.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

15.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

16.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

17.     Defendants failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

18.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

19.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

evaluation of Plaintiff's loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

20.    Defendant UPC failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

21.    Defendant UPC failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

22.    Defendant UPC failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant UPC has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

23.    From and after the time Plaintiff's claim was presented to Defendant UPC, the liability of Defendant UPC to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant UPC has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

24.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

25.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VI.
## CAUSES OF ACTION

### A. Causes of Action Against Defendant Tillman

#### I. Texas Insurance Code Violations

26.     Defendant Tillman's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex.Ins.Code §541.060(a). All violations under this article are made actionable by Tex.Ins.Code §541.151.

27.     Defendant Tillman is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Defendant UPC, because individually, she meets the definition of a "person" as defined by Tex.Ins.Code §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex.Ins.Code §541.002(2) (emphasis added). (See also *UPC Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28.     Defendant Tillman's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29.     Defendant Tillman's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

30.     The unfair settlement practice of Defendant Tillman, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31.     Defendant Tillman's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32.     Defendant Tillman's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

33.     Defendant Tillman's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under the Policy by offering substantially less than the amount ultimately recovered. Defendant Tillman refused to offer more than the grossly undervalued estimates prepared on behalf of Defendants, despite knowing the actual damages were much greater than what was paid. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

**B.    CAUSES OF ACTION AGAINST DEFENDANT UPC**

34.    Defendant UPC is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### I.    BREACH OF CONTRACT

35.    Defendant UPC's conduct constitutes a breach of the insurance contract made between Defendant UPC and Plaintiff.

36.    Defendant UPC's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant UPC's insurance contract with Plaintiff.

### II.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37.    Defendant UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

38.    Defendant UPC's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

39.    Defendant UPC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant UPC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

40.    Defendant UPC's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

41.     Defendant UPC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

42.     Defendant UPC's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

43.     Defendant UPC's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant UPC refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### III.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44.     Defendant UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

45.     Defendant UPC's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

46.     Defendant UPC's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

47.     Defendant UPC's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

### IV.     BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48.     Defendant UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

49.     Defendant UPC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant UPC knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

### VII.
### KNOWLEDGE

50.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### VIII.
### DAMAGES

51.     Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

52.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

53.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

54.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

56.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.
## JURY DEMAND

57.     Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## X.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## C-1284-17-C

### DISCOVERY REQUESTS

58.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

59.    Defendant UPC is also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days of service

### XI.
### MOTION TO COMPEL MEDIATION

60.    Pursuant to section 541.161 of the Texas Insurance Code, Plaintiff moves this Court for an order compelling the mediation of this dispute.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

Respectfully submitted,

**HAUN MENA, PLLC**

By: _/s/ Ryan K. Haun_
          RYAN K. HAUN
          State Bar No.: 24055634
          D. DOUGLAS MENA
          State Bar No.: 24054982
          3006 Brazos Street
          Houston, Texas 77006
          (713) 781-8600 – Telephone
          (713) 781-8601 – Fax
          ryan@haunmena.com
          doug@haunmena.com

          **ATTORNEYS FOR PLAINTIFF**

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## C-1284-17-C

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW, Plaintiff in the above-styled and numbered cause, and requests that Defendants (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiff by and through his attorneys of record: Ryan Haun, Haun Mena, PLLC, 3006 Brazos, Houston, Texas 77006.

Respectfully submitted,

**HAUN MENA, PLLC**

By: /s/ Ryan K. Haun
RYAN K. HAUN
State Bar No.: 24055634
D. DOUGLAS MENA
State Bar No.: 24054982
3006 Brazos Street
Houston, Texas 77006
(713) 781-8600- Telephone
(713) 781-8601- Fax
ryan@haunmena.com
doug@haunmena.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. These discovery requests were served with the attached petition and were served by mail, personal service or publication.

*/s/ Ryan K. Haun*
Ryan K. Haun

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

## <u>INSTRUCTIONS</u>

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Haun Mena, PLLC.

C.   If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

   1.   Identify the document's title and general subject matter;

   2.   State its date;

   3.   Identify all persons who participated in its preparation;

   4.   Identify the persons for whom it was prepared or to whom it was sent;

   5.   State the nature of the privilege claimed; and

   6.   State in detail each and every fact upon which you base your claim for privilege.

D.   If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.   You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

   1.   You know the response made was incorrect or incomplete when made; or

   2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

## DEFINITIONS

A.  **"Defendant," "You," "Your(s),"** refers to UPC, its agents, representatives, employees and any other entity or person acting on its behalf.

B.  **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.  **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.  **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.  **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.  **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.  **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.  **"Lawsuit"** refers to the above styled and captioned case.

I.  **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.  The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.    The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.    The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.    The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.    **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2.    **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3.    **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4.    **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1284-17-C

5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

6.  The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

N.  The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to TEX. R. CIV. P. 193.7, Plaintiff intend to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

## INTERROGATORIES TO DEFENDANT UPC

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

**INTERROGATORY NO. 2:**
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

      a.    their name and job title(s) as of the Date of Loss;

      b.    their employer; and

      c.    description of their involvement with Plaintiff's Claim.

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

      a    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

      b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

**INTERROGATORY NO. 4:**
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

**INTERROGATORY NO. 5:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

## REQUEST FOR PRODUCTION TO DEFENDANT UPC

**REQUEST FOR PRODUCTION NO. 1**
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

**REQUEST FOR PRODUCTION NO. 2**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

**REQUEST FOR PRODUCTION NO. 3**
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Dates of Loss.

**REQUEST FOR PRODUCTION NO. 4**
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

**REQUEST FOR PRODUCTION NO. 5**
Produce the complete Claim File including all documents and communications regarding the Claim.

**REQUEST FOR PRODUCTION NO. 6**
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

**REQUEST FOR PRODUCTION NO. 7**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claims File regarding those prior claim(s).

**REQUEST FOR PRODUCTION NO. 8**
Produce all documents Plaintiff (or any other person) provided to you related to the Claims or the Property.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

**REQUEST FOR PRODUCTION NO. 9**
Produce all documents you provided to Plaintiff (or any other person) related to the Claims or the Property.

**REQUEST FOR PRODUCTION NO. 10**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claims, the Property or damage to the Property.

**REQUEST FOR PRODUCTION NO. 11**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

**REQUEST FOR PRODUCTION NO. 12**
The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

**REQUEST FOR PRODUCTION NO. 13**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**REQUEST FOR PRODUCTION NO. 14**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff' Claim.

**REQUEST FOR PRODUCTION NO. 15**
Produce all written and/or electronic communications you sent to, or received from, Plaintiff' insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**REQUEST FOR PRODUCTION NO. 18**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Dates of Loss and one (1) year after the Dates of Loss.

**REQUEST FOR PRODUCTION NO. 19**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Dates of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Dates of Loss, for persons handling, investigating and adjusting claims.

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**REQUEST FOR PRODUCTION NO. 25**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

**REQUEST FOR PRODUCTION NO. 26**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

**REQUEST FOR PRODUCTION NO. 27**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**REQUEST FOR PRODUCTION NO. 29**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

**REQUEST FOR PRODUCTION NO. 30**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**REQUEST FOR PRODUCTION NO. 31**
Produce the entire file of any testifying expert. This includes all bills, correspondence, e-mails, field notes, photographs, drawings and diagrams.

**REQUEST FOR PRODUCTION NO. 32**
The complete underwriting file for the Property, including any photographs, diagrams, drawings or inspection reports.

**REQUEST FOR PRODUCTION NO. 33**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**REQUEST FOR PRODUCTION NO. 34**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 36**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

**REQUEST FOR PRODUCTION NO. 37**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

**REQUEST FOR PRODUCTION NO. 38**
Produce copies of your attorney's[s'] fee bills in this matter.

**REQUEST FOR PRODUCTION NO. 39**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

**REQUEST FOR PRODUCTION NO. 40**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

**REQUEST FOR PRODUCTION NO. 41**
Produce copies of any recorded statement(s), recorded phone calls, voicemails, Examinations Under Oath or any other statement related to the Claim.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

## REQUEST FOR ADMISSIONS TO DEFENDANT UPC

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Dates of Loss the Property sustained damages caused by a windstorm.

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Dates of Loss the Property sustained damages caused by a hailstorm.

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Dates of Loss the Policy was in full force and effect.

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Dates of Loss all premiums were fully satisfied under the Policy.

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claims at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

Electronically Filed
3/21/2017 11:26:40 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1284-17-C**

## REQUEST FOR ADMISSION NO. 14:

Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

## REQUEST FOR ADMISSION NO. 15:

Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

## REQUEST FOR ADMISSION NO. 16:

Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

## REQUEST FOR ADMISSION NO. 17:

Admit that you reinsured the risk under Plaintiff's Policy.

31

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ **C-1284-17-C** COURT *(FOR CLERK USE ONLY):* _____

STYLED Olimpo Salinas, Jr. v. United Property and Casualty Insurance Company and Michelle Tillman
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Ryan K. Haun
Email: ryan@haunmena.com
Address: 3006 Brazos Street
Telephone: (713) 781-8600
City/State/Zip: Houston, TX 77006
Fax: (713) 781-8601
State Bar No: 24055634

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): Olimpo Salinas, Jr.
Defendant(s)/Respondent(s): United Property and Casualty Insurance Company; Michelle Tillman

**Person or entity completing sheet is:**
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil:**
Contract — ☒ Insurance
Injury or Damage
Real Property

**Family Law:** Post-judgment Actions (non-Title IV-D)

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

## 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13